IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| South Carolina State Conference of NAACP;<br><br>Disability Rights of South Carolina;<br><br>Justice 360,<br><br>  *Plaintiffs*,<br><br>v.<br><br>South Carolina Department of Juvenile Justice;<br><br>Eden Hendrick, individually and in her official capacity as Executive Director of the South Carolina Department of Juvenile Justice,<br><br>  *Defendants.* | Case No.: 0:22-cv-01338-MGL-PJG<br><br><br>**DEFENDANTS' EXPEDITED MOTION TO QUASH AND FOR A PROTECTIVE ORDER** |

  Defendants South Carolina Department of Juvenile Justice (DJJ) and Executive Director Eden Hendrick, respectfully submit this expedited motion to quash and for a protective order.[1] The Court should quash the March 31, 2023 subpoena that counsel for Plaintiffs South Carolina State Conference of NAACP, Disability Rights of South Carolina, and Justice 360 served on attorney Dan Boles seeking information from his clients' state court lawsuits, Ex. A, Boles Subpoena & Service Email, and issue a protective order preventing this discovery because it circumvents the Court's limitation on discovery. ECF No. 73. Further, the Court should expedite consideration of this request because (1) the subpoena is returnable on April 7, 2023, and Boles already accepted service; and (2) this issue requires resolution before the hearing, if needed, in this

---

[1] Under Local Civil Rule 7.04 (D.S.C.), "a supporting memorandum is not required" here. Further, Defendants' counsel consulted with Plaintiffs' counsel prior to filing this motion, but the parties unfortunately were unable to resolve their differences. *See* Local Civ. R. 7.02 (D.S.C.).

matter. So the Court should give Plaintiffs two days to respond, and Defendants should have one day to reply if necessary. *Cf.* Local Civ. R. 7.06 & 7.07 (D.S.C) (providing deadlines for responses and replies unless otherwise ordered by the Court); Local Civ. R. 6.01 (D.S.C.) (allowing parties to request a "shortening of time").

## BACKGROUND

This Court "limited discovery pertaining to the Rule 12(b)(6) issues and preliminary injunction only" when the district court referred the case back to it. ECF No. 73. During the status conference, the parties discussed only written discovery to each other. Since then, DJJ's employees and counsel have been working extremely hard to respond to Plaintiffs' expedited discovery requests. *See* Ex B. Defendants have produced objections and responses—as well as over 1600 pages worth of documents in two productions—before their deadline to respond to Plaintiffs' requests. They just served another document production today.

Nevertheless, Plaintiffs served a subpoena on attorney Dan Boles on March 31, 2023. *See* Ex. A. Boles currently represents clients in individual lawsuits against DJJ in state court. *E.g.*, *Stettner v. S.C. Dep't of Juv. Just.*, No. 2021-CP-40-03732 (S.C. Comm. Pl. July 27, 2021); *Vanover v. S.C. Dep't of Juv. Just.*, No. 2020-CP-40-02432 (S.C. Comm. Pl. May 20, 2020). Defendants were not given prior notice of the subpoena. *Cf.* Fed. R. Civ. P. 45(a)(4). They were simply copied on the service email. *See* Ex. A. In the subpoena, Plaintiffs seek records in Boles's "possession, including deposition transcripts," that show the following:

- overcrowding and/or understaffing at DJJ facilities, including knowledge by DJJ officials of harm caused by overcrowding or understaffing;

- DJJ's use of isolation, including knowledge by DJJ officials of harm caused by DJJ's use of isolation;

- DJJ's lack of provision of education, mental health care, and medical care, including knowledge by DJJ officials of harm caused by DJJ's lack of provision of education, mental health care, and medical care;

- evidence of unsafe/unsanitary conditions of confinement, including knowledge by DJJ officials of harm caused by these conditions

Ex. A.  On April 3, 2023, Defendants emailed Plaintiffs their objection to the subpoena.  The parties then held a meet and confer that same day.  Plaintiffs declined to withdraw the subpoena.

Accordingly, this matter comes before the Court on Defendants' motion to quash the Boles subpoena and motion for a protective order.

## ARGUMENT

While it is true that "[i]nformation within th[e] scope of discovery need not be admissible in evidence to be discoverable," Federal Rule of Civil Procedure 26's broad permissible scope of discovery applies "[u]nless otherwise limited by court order." Fed. R. Civ. P. 26(b)(1).  Here, the Court has "limited discovery pertaining to the Rule 12(b)(6) issues and preliminary injunction only." ECF No. 73.

Yet, through the Boles subpoena, Plaintiffs seek information from a different attorney at a different law firm about different clients in different cases in a different forum.  Ex. A.  Some of the clients Boles represents no longer reside in DJJ. *E.g.*, Am. Compl., *Vanover*, No. 2021-CP-40-03732 (S.C. Ct. Comm. Pl. May 6, 2022).  Timing problems aside, *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977), Plaintiffs cannot rely on alleged harm to Boles's juvenile clients being litigated in state-court lawsuits to show a likelihood of their organizations' success on the merits in this federal-court case.  Plaintiffs have not shown any relationship between their organizations and Boles's clients.  What is more, if Plaintiffs do not know about the harms in the cases from which they are seeking documents, then how can that form the basis of immediate irreparable harm

3

to them? *See Di Biase v. SPX Corp.*, 872 F.3d 224, 235 (4th Cir. 2017) (requiring Plaintiffs to clearly show "*they* [a]re likely to suffer irreparable harm without the injunction" (emphasis added)). It cannot. Documents and depositions of DJJ employees taken in different cases have nothing to do with Plaintiffs' organizational harms and claims here.[2]

On that note, Plaintiffs keep seeking to revive their theory of associational standing. But Plaintiffs have not identified, or even provided initials for, a single juvenile detainee on behalf of whom Plaintiffs are bringing this lawsuit. *Cf. Tenn. Prot. & Advoc., Inc. v. Bd. of Educ. of Putnam Cnty., Tenn.*, 24 F. Supp. 2d 808, 816 (M.D. Tenn. 1998) (holding "where there is no specifically injured plaintiff on whose behalf the P&A group files a claim, then the organization must allege direct injury-in-fact to itself in order to satisfy the Article III case or controversy requirement").

Further, this Court already rejected their associational standing argument, ECF No. 45, at 16–20, and the district court has not disturbed that ruling, ECF No. 68. Thus, this Court's R&R on that ground is law of the case until the district court rules otherwise. *Cf. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (stating under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case" (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983))).

Consequently, Plaintiffs are limited to discovery pertaining to alleged irreparable harm to their organizations—and arguably only Justice 360—and a likelihood of success on the merits of three of their constitutional claims for which they seek a mandatory preliminary injunction.

---

[2] What is perhaps most stunning is that Plaintiffs apparently want to use the depositions of DJJ employees taken in separate cases to impute liability to DJJ. Yet that is precisely what they disclaimed trying to do in their motion to conduct ex parte interviews of DJJ's employees. ECF No. 77, at 1; *cf. King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 196 (4th Cir. 1998) (forbidding parties from "playing fast and loose with the courts," and "blowing hot and cold as the occasion demands," and "attempting 'to mislead the [court] to gain unfair advantage'" (quoting *Lowery v. Stovall*, 92 F.3d 219, 223, 225 (4th Cir. 1996))).

Against this backdrop, even under the more expansive Rule 26, the discovery sought in the Boles subpoena necessarily is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Washington v. Follin*, No. 4:14-cv-00416-RBH-KDW, 2016 WL 1614166, at *7 (D.S.C. Apr. 22, 2016) (stating "the scope of discovery allowed under a Rule 45 subpoena is equivalent to the scope of discovery allowed under Rule 26"). Indeed, this is a blatant end-run around the Court's order limiting discovery: look no further than Boles's email to DJJ's counsel in the state-court lawsuits asking for "DJJ's consent to comply with this subpoena." Ex. C, Boles Email.

Because the Boles subpoena seeks to circumvent this Court's order limiting discovery, ECF No. 73, the Court should quash the subpoena and issue a protective order forbidding the production because it falls outside the scope of the order. *See* Fed. R. Civ. P. 26(c)(1). Defendants have standing to move to quash because—according to Plaintiffs' counsel and Boles—the request seeks information potentially protected by confidentiality orders in the state court cases from which they seek documents. *E.g.*, Conf. Order, *Stettner*, No. 2021-CP-40-03732 (S.C. Ct. Comm. Pl. Sept. 2, 2021). Plaintiffs should be able to shed additional light on what they expect to receive in the subpoena response, as the service email indicated this was prearranged anyway. Ex. A.

In all events, Defendants have "standing to challenge the subpoenas under Rule 26 standards." *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013). The Court is afforded broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). And even when "weigh[ing] the need for the information versus the harm in producing it," *Slager v. S. States Police Benevolent Ass'n, Inc.*, No. 2:15-cv-04536-DCN, 2016 WL 4123700, at *2 (D.S.C. Aug. 3, 2016) (quoting *A Helping Hand, LLC v. Baltimore Cnty., Md.*, 295 F. Supp. 2d 585, 592 (D. Md. 2003)), Plaintiffs cannot survive the test. Plaintiffs cannot articulate a need to violate this

Court's order limiting discovery. Nor have they argued Defendants' significant productions are in any way deficient. Plaintiffs have not alleged any overlap in clients with Boles. And again, we do not have a single named plaintiff here. The Court should therefore enter an order "forbidding the disclosure or discovery" sought in Plaintiffs' improper subpoena. Fed. R. Civ. P. 26(c)(1)(A).

## Conclusion

For these reasons, the Court should expedite briefing and consideration, quash the Boles subpoena, enter a protective order, and grant such further relief it deems just and proper to ensure compliance with its order limiting discovery.

Respectfully submitted,

/s/Vordman Carlisle Traywick, III
Robert E. Tyson, Jr. (Fed. ID 7815)
J. Michael Montgomery (Fed. ID 10290)
Vordman Carlisle Traywick, III (Fed. ID 12483)
Sarah C. Frierson (Fed. ID 13825)
ROBINSON GRAY STEPP & LAFFITTE, LLC
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400
rtyson@robinsongray.com
mmontgomery@robinsongray.com
ltraywick@robinsongray.com
sfrierson@robinsongray.com

Clarence Davis (Fed. ID 433)
GRIFFIN | DAVIS LLC
Post Office Box 999
Columbia, South Carolina 29202
(803) 744-0800
cdavis@griffindavislaw.com

*Counsel for Defendants SCDJJ and Executive Director Eden Hendrick*

Columbia, South Carolina
April 4, 2023

6