

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| SOUTH CAROLINA STATE CONFERENCE § <br> OF NAACP; DISABILITY RIGHTS SOUTH § <br> CAROLINA; and JUSTICE 360, § <br>       Plaintiffs, § <br> § <br> vs. § <br> § <br> SOUTH CAROLINA DEPARTMENT OF § <br> JUVENILE JUSTICE; and EDEN HENDRICK,§ <br> *Individually and in her official capacity as* § <br> *Executive Director of the South Carolina* § <br> *Department of Juvenile Justice*, § <br>       Defendants. § | Civil Action No. 0:22-01338-MGL |

**ORDER ADOPTING REPORT AND RECOMMENDATION
TO THE EXTENT PROVIDED HEREIN**

Plaintiffs South Carolina State Conference of the NAACP (NAACP), Disability Rights South Carolina (DRSC), and Justice 360 (collectively, Plaintiffs) filed this civil action against Defendants South Carolina Department of Juvenile Justice (SCDJJ) and Eden Hendrick (collectively, Defendants), alleging four causes of action under 42 U.S.C. § 1983 for violations of their constitutional rights; one cause of action for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; one cause of action for violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*; and one cause of action for violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.*

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Defendants' motion to dismiss

Plaintiffs' complaint and deny Plaintiffs' motion for a preliminary injunction. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 28, 2023, Plaintiffs objected on May 26, 2023, and Defendants replied on June 20, 2023. Plaintiffs filed a motion for leave to file a surreply, to which Defendants responded in opposition.

The Court has carefully reviewed Plaintiffs' objections. As explained below, it agrees with the Report inasmuch as it determines it should grant the motion to dismiss Plaintiffs' complaint. But, it holds that leave to amend is appropriate. It will therefore dismiss without prejudice both Plaintiffs' complaint and motion for a preliminary injunction and deem as moot Plaintiffs' motion for leave to file a surreply.

Plaintiffs object to the Magistrate Judge's determination the complaint fails to adequately plead they have been harmed by Defendants' actions. Defendants maintain the complaint neglects to make specific allegations of harm.

As the Court discussed in its previous order regarding standing, Plaintiffs have presented facts indicating harm through numerous declarations and other documents. But, the complaint

itself includes only conclusory statements, which fail to state a claim as to harm for each cause of action. The Court thus agrees that dismissal of the complaint is proper.

Because this issue is dispositive, the Court need not consider Plaintiffs' other objections against dismissal. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta."). The Court will therefore grant Defendants' motion and dismiss the complaint.

Because the Court will dismiss the complaint, it will dismiss Plaintiffs' motion for preliminary injunction without prejudice. It need not consider Plaintiffs' objections as to that motion.

Plaintiffs also object to the Magistrate Judge's *sua sponte* recommendation the Court dismiss the complaint without leave to amend, contending that they could address any insufficiencies through amendment. Defendants contend Plaintiffs failed to preserve the issue, declined opportunities to amend, and have neglected to file a proposed amended complaint. They also insist amendment would unduly prejudice them.

"A dismissal under Rule 12(b)(6) generally is not final or on the merits and the court normally will give plaintiff leave to file an amended complaint." *Ostrzenski v. Seigel*, 177 F.3d 245, 252 (4th Cir. 1999) (citation omitted) (emphasis omitted). It is the Fourth Circuit's "policy to liberally allow amendment[,]" *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010), as the Federal Rules of Civil Procedure encourage the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Supreme Court has directed courts to consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

3

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

As to the first factor, undue delay, the Magistrate Judge opines that

> throughout the year-long pendency of this case and in the face of multiple motions to dismiss, the plaintiffs have forgone opportunities to amend the complaint. They have not asserted that they should be given leave to amend if the court should find that the instant Complaint fails to state a claim for relief, nor have they represented to the court that they can plead other facts that would cure the deficiencies identified herein.

Report at 25.

The Court disagrees with the Magistrate Judge's suggestion Plaintiffs have "forgone opportunities" for amendment. *Id.* Although Plaintiffs have had the right to seek leave to amend throughout the case, they have failed to reject any explicit invitation. And, that they declined to seek leave to amend after Defendants filed the motions to dismiss is uncompelling. Indeed, the Court resolved the first motion to dismiss in Plaintiffs' favor.

Further, unlike in the case cited by the Magistrate Judge, Plaintiffs have failed to represent to the Court that they are unable to plead additional facts. *Cf. Bing v. Brivo Systems, LLC*, 959 F.3d 605, 612 (4th Cir. 2020) (holding a dismissal without prejudice was a final order when counsel "represented to [the Fourth Circuit] at oral argument that there were no additional facts available to his client to be asserted in the complaint, and counsel therefore stood on the complaint as originally presented to the district court").

The first factor, undue delay, then, weighs in favor of permitting amendment.

As to the second factor, the Court sees no evidence of any bad faith or dilatory motive from Plaintiffs. This factor, too, weighs in Plaintiffs' favor.

Turning to the third factor, Plaintiffs have no previous amendments, so there has been no repeated failure to cure deficiencies. This factor thus favors amendment, as well.

Considering the fourth factor, Defendants argue they will suffer prejudice if Plaintiffs are allowed to amend their complaint. But, Defendants have been on notice of the details of Plaintiffs' claims through the briefing on the preliminary injunction and parties' standing. True, allowing this case to proceed will likely result in more motions practice, such as another preliminary injunction motion or dispositive motions. And, the parties may have to participate in discovery. But, heavy motions practice and discovery are part and parcel of litigation. Thus, the Court doubts Defendants will suffer prejudice if Plaintiffs are allowed to update their complaint to more completely articulate their claims.

Finally, as to the fifth factor, futility of amendment, the Court is unconvinced that Plaintiffs' complaint is "truly unamenable[.]" *See McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009) (reasoning dismissal with prejudice should be reserved for complaints with deficiencies that are "truly incurable") (abrogated on other grounds). Although Plaintiffs failed to provide an amended complaint for the Court's review, it does not "appear[] to a certainty that [P]laintiff[s] cannot state a claim[.]" *Ostrzenski*, 177 F.3d at 251.

All five factors, then, weigh in favor of amendment. The Court will thus sustain this objection, dismiss the complaint without prejudice, and provide Plaintiffs the opportunity to amend their complaint.

After a thorough review of the Report, the Court adopts the Report to the extent it does not contradict this Order. The Court overrules Plaintiffs' objections regarding their failure to state a claim as to harm, sustains their objections regarding leave to amend, and refrains from considering their objections as to the motion for a preliminary injunction.

Therefore, Defendants' motion to dismiss is **GRANTED** and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may file any amended complaint no later

than two weeks from the date of this order. The Clerk's Office is directed to withhold entry of judgment unless and until two weeks have passed without Plaintiffs filing an amended complaint.

Finally, Plaintiffs' motion for a preliminary injunction is **DISMISSED WITHOUT PREJUDICE** and their motion for leave to file a surreply is **DEEMED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 14th day of September 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE